IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**GLEN B. BARTLETT,**

    **Plaintiff,**

**vs.**                                                                Case No.: 4:06cv539-MP/WCS

**EMMA ANSLEY, and**
**APALACHEE MENTAL HEALTH,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983, doc. 13.  As Plaintiff is proceeding *in forma pauperis*, the complaint has been reviewed as is required by 28 U.S.C. § 1915A.  Plaintiff's amended complaint fails to state a claim upon which relief may be granted.

Plaintiff has alleged that while he has committed under the Florida "Baker Act" to the Apalachee Mental Health center, he admittedly engaged in highly disruptive behavior.  Doc. 13.  Plaintiff acknowledges he was throwing furniture, and being non-compliance with staff as they tried to restrain Plaintiff.  *Id.*  Plaintiff admits that in an effort to keep staff away from him, he reached into his pants, getting feces, and threatened staff with it.  *Id.*  Staff members were ultimately able to give medication to

Plaintiff.  *Id.*  However, the next day Plaintiff was again disruptive and threatened staff by grabbing a glass pot of hot coffee.  *Id.*

Defendant Ansley, a nurse at the facility, called the police.  *Id.*  Plaintiff was arrested and charged with aggravated assault.  *Id.*  The police report allegedly contains statements from the Defendant concerning the coffee pot incident, as well as the incident the day before.  *Id.*  Plaintiff complains that the Defendant volunteered this information to the police and that by virtue of the fact that it is in a police report, the information is now a matter of public record.  *Id.*  Plaintiff, thus, claims that Defendant Ansley engaged in a "breach of confidentuality" [sic] and made a confidential incident a matter of public access.  *Id.*  Plaintiff also alleges that several "confidential" documents should have been in his medical file, but Plaintiff contends that those documents were missing and would have provided evidence "that would have proven Defendant's claims."[1]  *Id.*  Plaintiff claims he has been publicly humiliated and suffers mental anguish.  *Id.*  Plaintiff further claims that staff at the Mental Health facility were negligent by leaving the coffee pot were he could get it, and because of their negligence, he was charged with a crime.  *Id.*

"To state a claim under § 1983, a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or laws of the United States."  <u>Emory v. Peeler</u>, 756 F.2d 1547, 1554 (11th Cir. 1985); <u>Dollar v. Haralson County</u>, 704 F.2d 1540, 1542-43 (11th Cir.), cert. denied, 464 U.S. 963, 104 S. Ct. 399, 78 L. Ed. 2d

---

[1] It is assumed that in speaking of proving Defendant's claim, Plaintiff is referring to himself as the Defendant when charged with a crime.

Case No. 4:06cv539-MP/WCS

341 (1983).  In other words, Plaintiff must allege that Defendant "deprived him of a right secured by the 'Constitution and laws' of the United States" and that the Defendant did so "under color of any statute, ordinance, regulation custom, or usage of any State. . . ." Fadjo v. Coon, 633 F.2d 1172, 1174-1175 (5th Cir. 1981), *quoting* Adickes v. S. H. Kress & Co., 398 U.S. 144, 150, 90 S. Ct. 1598, 1604, 26 L. Ed. 2d 142 (1970); *see* Paisey v. Vitale In and For Broward Co., 807 F.2d 889, 892 (11th Cir. 1986); Lugar v. Edmondson Oil Co., 457 U.S. 922, 930, 102 S. Ct. 2744, 2750, 73 L. Ed. 2d 482 (1981); Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155, 98 S. Ct. 1729, 1732, 56 L. Ed. 2d 185 (1978).

Plaintiff has not alleged the violation of a constitutional right.  The United States Supreme Court has unequivocally held that a state official's negligent conduct, even though it causes injury, does not constitute an actionable deprivation under § 1983. County of Sacramento v. Lewis, 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998); Daniels v. Williams, 474 U.S. 327, 331, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662 (1986).  Plaintiff has not alleged more than negligence by Defendant Ansley, and such a claim fails to state a claim.  Plaintiff's amended complaint is insufficient on its face and should be dismissed.

Plaintiff complains that Defendant Ansley caused him embarrassment by virtue of her relating to police the conduct Plaintiff had engaged in while he was confined under the Baker Act.  Plaintiff does not dispute that the information was true, and indeed, Plaintiff readily admits his actions.  Plaintiff's rights were not violated because his actions were reported to the police.  Paul v. Davis, 424 U.S. 693, 712, 96 S. Ct. 1155, 1166,  47 L. Ed. 2d 405 (1976) (plaintiff complained about the disclosure of a "mug

shot" and name of one charged with shoplifting, but the Court held there was no due process interest in reputation under these circumstances).

Furthermore, that the information may have been included in a police report is due to the actions of the police officer in writing the report and not solely attributed to the Defendant. There is an intervening actor whose actions break the causal connection against the Defendant.

For these reasons, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 13, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), that all pending motions be **DENIED**, and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on January 22, 2007.


 s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**